IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY FEDERICO PARRAS, | § | |
| TDCJ-CID NO.883652, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2081 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Henry Federico Parras, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1999 state court felony conviction for murder. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.      PROCEDURAL HISTORY

Petitioner pled guilty, without a plea recommendation, to the offense of murder in cause number 706840 and was given ten years deferred adjudication. Four years later, on July 19, 1999, the 185th Criminal District Court of Harris County, Texas revoked his deferred adjudication probation, found him guilty of murder, and assessed punishment at twenty-five years confinement in TDCJ-CID. On direct appeal, petitioner contended that his sentence constituted cruel and unusual punishment in violation of the federal and state constitutions because it was not proportionate to the offense. *Parras v. State*, No.01-99-01187-CR (Tex. App.–Houston [1st Dist.] 2000). The state court of appeals found that petitioner waived error because he failed to object to the alleged

disproportionality of his sentence when it was imposed. *Id.* On October 12, 2000, the court of

appeals affirmed the judgment of the state district court. *Id.* Petitioner did not initially file a petition

for discretionary review ("PDR"). *Ex parte Parras*, Application No.74561, 2003 WL 1787137 (Tex.

Crim. App. 2003) (not designated for publication). Therefore, his time to do so expired thirty days

after the appellate court's judgment was entered, on or about November 12, 2000.  28 U.S.C. §

2244(d)(1)(A).  Thus, petitioner's conviction became final for purposes of federal habeas corpus

review on or about November 12, 2000. *See* 28 U.S.C. § 2244(d)(1)(A); *Salinas v. Dretke*, 354 F.3d

425, 430 (5th Cir.), *cert. denied*, 541 U.S.1037 (2004).

On September 30, 2002, petitioner filed a state application for writ of habeas corpus on the

ground that he had been denied the effective assistance of counsel because his appellate attorney did

not timely advise him of his right to pursue discretionary review. *Ex parte Parras*, No.74561.  The

Texas Court of Criminal Appeals granted relief on February 5, 2003.  The Texas Court of Criminal

Appeals ordered that "[f]or purposes of the Texas Rules of Appellate Procedure, all time limits shall

be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of this

Court in this cause issues." *Id.*  The Court ordered petitioner to take affirmative steps to file his

petition for discretionary review timely. *Id.* Petitioner's petition for discretionary review was refused

on October 22, 2003.

Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on June

10, 2005.[1]  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and

---

[1] For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Petitioner dated the petition on June 10, 2005. Therefore, the Court will treat the date the petition was signed as the filing date in this case.

Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh*

*v. Murphy*, 521 U.S. 320 (1997).  Petitioner seeks relief on the following grounds:

1.  The state district court erroneously entered an affirmative findings of a deadly
    weapon in the judgment;

2.  The state district court committed reversible error by granting petitioner a court-
    ordered probation;

3.  The state district court committed reversible error by imposing an illegal sentence of
    twenty-five years in TDCJ-CID; and,

4.  Petitioner's plea was involuntary because his trial counsel rendered ineffective
    assistance of counsel;

5.  Petitioner was denied the effective assistance of counsel.

(Docket Entry No.1).

II.     ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in

28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a
        State court.  The limitation period shall run from the latest of --

    (A)     the date on which the judgment became final by the
        conclusion of direct review or the expiration of the
        time for seeking such review;

    (B)     the date on which the impediment to filing an
        application created by State action in violation of the
        Constitution or laws of the United States is removed,
        if the applicant was prevented from filing by such
        State action;

    (C)     the date on which the constitutional right asserted was
        initially recognized by the Supreme Court, if the right
        has been newly recognized by the Supreme Court and
        made retroactively applicable to cases on collateral
        review; or

> (D)     the date on which the factual predicate of the claim or
>           claims presented could have been discovered through
>           the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State
>           post-conviction or other collateral review with respect to the pertinent
>           judgment or claim is pending shall not be counted toward any period
>           of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and

applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154

F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was

filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d

at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise

such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Under the provisions of the AEDPA, petitioner's one-year limitation period began on November 12,

2000, the last day petitioner could have filed a petition for discretionary review with the Texas Court

of Criminal Appeals. That date triggered the one-year limitations period which expired on December

November 12, 2001. *See Salinas*, 354 F.3d at 430 (reasoning because right to file an out-of-time

PDR is necessarily the product of state habeas review, it does not arise under the 'direct review'

procedures of the Texas judicial system and does not alter the limitations period set forth in 28 U.S.C.

§ 2244(d)(1)(A)). Petitioner's state habeas application seeking the right to file an out-of-time PDR

was filed September 30, 2002, after limitations expired. Therefore, the tolling provisions found in

§ 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the

statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the

limitations period). Petitioner filed the pending federal habeas action on June 10, 2005, well after

the expiration of the limitations period.  Therefore, his federal habeas petition is untimely and subject to dismissal.

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously.  28 U.S.C. § 2244(d)(1)(C), (D).  Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition.  *Fisher v. Johnson,* 174 F.3d 710, 714  (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, subject to dismissal.

III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," but also that they "would find it debatable whether the district court was correct

in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also*

*Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of

appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211

F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial

showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a

certificate of appealability from this decision will not issue.

IV.    CONCLUSION

        Accordingly, the Court ORDERS the following:

        1.      Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

        2.      This cause of action is DISMISSED with prejudice.

        3.      A certificate of appealability is DENIED.

        Signed at Houston, Texas, on this 8th day of July, 2005.


                                                MELINDA HARMON
                                                UNITED STATES DISTRICT JUDGE